UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHANE DAVID LAYER,

   CRIMINAL CASE NO. 08-CR-20018
*Petitioner*,   CIVIL CASE NO. 09-CV-11693

*v*.

   DISTRICT JUDGE THOMAS LUDINGTON
UNITED STATES OF AMERICA,   MAGISTRATE JUDGE CHARLES BINDER

   *Respondent*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 26)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART** and that Petitioner Layer be resentenced.

**II. REPORT**

  **A. Introduction**

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington (Doc. 23), is the above-entitled first amended motion to vacate Petitioner Shane David Layer's federal custodial sentence, which was filed under 28 U.S.C. § 2255. (Doc. 26.)[1]

---

[1] Petitioner was allowed to file a First Amended Motion on October 29, 2009. (Doc. 25.) Respondent was given an opportunity to respond to the Amended Motion but instead stated that "the government is not intending to file a supplemental response and relies on its response filed to petitioner's original motion." (Doc. 27 at 1.)

Respondent submitted a response (Doc. 22)[2] and Petitioner Layer (hereafter "Layer") did not file a reply. I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Background**

The facts are largely undisputed. Layer was charged in a two-count indictment with violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm (Count I); and violation of 26 U.S.C. § 5861(d), possession of an unregistered firearm (Count II). Pursuant to a plea agreement, Layer pleaded guilty to Count II and Count I was dismissed. (Doc. 14, Rule 11 Agreement.) The plea agreement provided that the government would recommend a three-point reduction for acceptance of responsibility and Layer would stipulate that the firearm he possessed was stolen. (Doc. 14 at 2.) Layer contends, however, that although he stipulated that the firearm was "reported stolen," (*see id*.) "at no time did petitioner know that the firearm he possessed was stolen, and petitioner never admitted or stipulated to the fact that he knew that the firearm was stolen." (Doc. 26 at 6.) The agreement also stated that Layer "waive[d] any right to appeal his conviction" and retained only "his right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing." (Doc. 14 at 5.)

Layer failed to raise sentencing issues on direct appeal and asserts that his counsel was ineffective, resulting in an excessive sentence, because counsel failed to challenge the following sentencing variables: (1) an increase in the base offense level by two points based on the fact that Layer stipulated that the firearm was "reported stolen," but Layer had no knowledge that the firearm was stolen; and (2) an increase in the prior record level based on his having committed two violent felonies when one of the felonies, breaking and entering a commercial building in violation

---

[2]I note that the response is docketed as a Reply to Response.

2

of Michigan Compiled Laws § 750.110, does not qualify as a violent felony. (Doc. 26 at 6-8.) Layer further states that counsel failed to consult with him regarding a potential appeal of the sentence, did not file an appeal, and did not file an "*Anders* brief with the court stating that he believed that there were no issues for appeal." (Doc. 26 at 8.) Layer does not claim factual innocence regarding the conviction.

The government contends that Layer is procedurally barred from raising issues in this section 2255 motion that were not raised on direct appeal and that Layer cannot meet the requisite "cause and prejudice" standard to excuse his failure to raise the issues on direct appeal. (Doc. 22 at 5-6.) The government also notes that non-constitutional challenges to application of the sentencing guidelines are generally not cognizable in a 2255 motion and that Layer's characterization of the claims as ineffective assistance of counsel is not controlling because he will be unable to meet the *Strickland* standard since his counsel was effective and successfully resolved an issue regarding his criminal history.[3] (*Id.* at 7.) Finally, the government argues that even if Layer could meet the first prong of the *Strickland* test, he has failed to show that the outcome would have been different but for the error. (*Id.*)

### C. Governing Law

In order to prevail on a section 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not

---

[3]The criminal history issue referred to involved whether Layer should have been assessed 2 points for a custodial sentence of 6 months for a conviction of operating a motor vehicle while intoxicated. Layer's counsel successfully argued that since Layer was actually sentenced to 6 days, rather than 6 months, he should have been assessed 1 point rather than 2. This changed the criminal history score from 11 to 10 but did not change the criminal history category, which remained at V. (Doc. 22, Exs. 1 and 2.)

a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

4

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

**D.    Analysis and Conclusions**

**1.    Ineffective Assistance of Trial Counsel**

An ineffective assistance of counsel claim "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

Layer asserts the following two sentencing errors to which counsel voiced no objection: (1) an increase in the base offense level by two points based on Layer's stipulation that the firearm was "reported stolen" when Layer had no knowledge that the firearm was stolen; and (2) an increase in offense level based on his having committed two violent felonies when one of the felonies, a 1997 conviction for breaking and entering a commercial building in violation of Michigan Compiled Laws § 750.110, does not qualify as a violent felony.  (Doc. 26 at 6-8.)

The Supreme Court stated in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. The inquiry centers on whether the defendant "consulted" with counsel regarding an appeal and, if not, whether the failure to do so constitutes deficient performance. *Id.* at 478. The Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. As to the latter duty, the Sixth Circuit has held that a criminal defendant's actual request is a "critical element." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Regalado v. United States*, 334 F.3d 520, 524-26 (6th Cir. 2003).

In the instant case, there is no record evidence indicating whether Layer requested that counsel file an appeal and, thus, an evidentiary hearing would need to be held to determine the factual circumstances surrounding post-conviction communication between counsel and Layer if the second prong of the duty inquiry applied. However, I suggest that the instant case presents a scenario under the first prong of the duty inquiry where "a rational defendant would want to appeal" because of the meritorious ground for appeal analyzed below, and thus, that Layer's claim that counsel was ineffective for failing to file a notice of appeal itself provides a ground for section 2255 relief.

**2.     Grounds for Appeal**

I suggest that, for the reasons discussed below, the court's ruling required counsel to at least consult with Layer regarding the one meritorious ground for appeal.

6

### a.     Firearm that was "reported stolen"

Layer contends that although he "stipulated that the firearm that he possessed was reported stolen," he "never admitted or stipulated to the fact that he knew that the firearm was stolen." (Doc. 26 at 6.)  United States Sentencing Guideline section 2K2.1(b)(4)

> instructs the district court to apply a two-level enhancement "[i]f [the] firearm was stolen, or had an altered or obliterated serial number."  Application Note 19 of this Guideline explicitly instructs that "[t]he enhancement under subsection (b)(4) for a stolen firearm or a firearm with an altered or obliterated serial number applies whether or not the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number."

*United States v. Webb*, 403 F.3d 373, 384 (6th Cir. 2005).  Although this results in application of the enhancement without requiring any *mens rea*, the Sixth Circuit has rejected the argument that section 2K2.1(b)(4) violates due process.  *Id.* at n.7 (citing *United States v. Murphy*, 96 F.3d 846 (6th Cir. 1996)); *accord United States v. Burns*, 109 Fed. App'x 52, 55 (6th Cir. 2004) (lack of *mens rea* requirement of 2K2.1(b)(4) is constitutional, citing cases from various circuit courts).

I therefore suggest that this ground is not meritorious and would not support a claim for ineffective assistance of counsel; thus, it does not provide a ground for  2255 relief.  *See Webb, supra*; *United States v. Booker*, No. 05-1929, 2007 WL 2492427, at *5 (6th Cir. Sept. 5, 2007) (§ 2K2.1(b)(4) "does not contain a *mens rea* requirement . . . [therefore, because] he acknowledges that the gun was in fact a stolen weapon, the district court did not err in applying the enhancement.").

### b.     Prior violent felonies

Layer also contends that the increase in offense level based on his having committed two violent felonies was erroneous because one of the felonies, breaking and entering a commercial building in violation of Michigan Compiled Laws § 750.110, does not qualify as a violent felony.

7

The two violent felonies used in the sentencing guidelines worksheet were: (1) a February 25, 1993, conviction for breaking and entering an occupied dwelling with intent in violation of Michigan Compiled Laws § 750.110a(6) (home invasion in the second degree); and (2) an October 19, 1997, conviction for breaking and entering with intent in violation of Michigan Compiled Laws § 750.110 (breaking and entering). (Doc. 26 at 11, 12, 13.) The judgment of sentence from the 1997 conviction confirms that the 1997 conviction was for breaking and entering a building with intent in violation of Michigan Compiled Laws § 750.110. (Doc. 26 at 13.)

"The sentencing guidelines define 'a crime of violence' as a felony that (1) 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' or (2)(a) 'is burglary of a dwelling, arson, or extortion, involves use of explosives' or (b) 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *United States v. Mosley*, 575 F.3d 603, 605(6th Cir. 2009) (remanding because resisting and obstructing under Michigan law contains categories of crimes, e.g., obstructing by knowingly failing to comply with a lawful command, that are not crimes of violence); U.S.S.G. § 4B1.2(a)(1) and (2).

Under Michigan law, breaking and entering a dwelling is referred to as "home invasion" and the first, second, and third degrees of that crime are considered violent felonies under the federal sentencing guidelines. MICH. COMP. LAWS § 750.110a; *United States v. Horton*, 163 Fed. App'x 378, 381-82 (6th Cir. 2006); *United States v. Garcia-Serrano*, 107 Fed. App'x 495 (6th Cir. 2004); *United States v. Hart*, 104 Fed. App'x 469 (6th Cir. 2004).

As Layer notes, however, the second purported violent felony committed in 1997 was not a conviction for breaking and entering a dwelling, i.e., home invasion; rather, the 1997 conviction was for breaking and entering a building with intent in violation of Michigan Compiled Laws §

8

750.110. Breaking and entering under this section covers any "person who breaks and enters, with intent to commit a felony or larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory, or other building, structure, boat, ship, shipping container, or railroad car." MICH. COMP. LAWS § 750.110. This formulation, however, implicates none of the elements of a "crime of violence," as that concept is defined in the United States Sentencing Guidelines. Therefore, I suggest that the 1997 felony was not a violent felony under the definition provided in the sentencing guidelines. As a result, I further suggest that the base offense level of 26, applicable where two prior felony convictions of a violent crime were committed, was improperly scored. (Doc. 26 at 11.) If the base offense level were scored properly, counting one prior violent felony, the base level would decrease to 22. U.S.S.G. § 2K2.1(a)(3). With the two level enhancement for stolen firearm, Layer's overall offense level would be properly scored at 24. Then subtracting the three points for acceptance of responsibility, Layer's total offense level would be 21. (Doc. 14 at 12.) The resulting guideline range would decrease from the 100 to 120[4] months utilized at Layer's sentencing (Doc. 22, Ex. 6 at 3) to 70 to 87 months. *See* U.S.S.G. Ch. 5, Pt. A. This change in applicable guideline sentencing range, I suggest, merits Layer's resentencing.

### 3. Conclusion

I therefore suggest that (1) counsel was ineffective in failing to consult with Layer regarding the filing of a notice of appeal where this meritorious appellate issue existed such that a rational defendant would want to seek an appeal and (2) raising the base offense level due to the presence of two prior violent felony convictions when only one prior conviction was for a violent felony entitles Layer to resentencing.

---

[4] I note that the actual range from the sentencing guidelines is 100-125 months but that the worksheet indicates statutory restrictions limiting the upper end of the range to 120 months. (Doc. 14 at 12.)

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

        s/ *Charles E Binder*
        CHARLES E. BINDER
Dated: November 30, 2009        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Shane David Layer #41771-039, FCI McKean, P.O. Box 8000, Bradford, PA 16701.

Date:  November 30, 2009        By    s/Patricia T. Morris
        Law Clerk to Magistrate Judge Binder