UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHANE DAVID LAYER,

        Petitioner,

                                                      Case Number 08-20018-BC
v.                                                  Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.
_____ /

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART PETITIONER'S MOTION TO VACATE SENTENCE, REFERRING MATTER TO MAGISTRATE JUDGE FOR APPOINTMENT OF COUNSEL, SCHEDULING SENTENCING HEARING, AND DIRECTING BRIEFING</u>**

Magistrate Judge Charles E. Binder issued a report and recommendation [Dkt. # 28] on October 28, 2009 recommending that Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 be granted. The report and recommendation was served on the government the same day, starting the fourteen-day period in which the government could object. 28 U.S.C. § 636. The government filed a request for an extension of time to respond [Dkt. # 30] on December 14, 2009, the day objections were due. The Court granted the request in part [Dkt. # 32], and extended the response date until January 6, 2010. The government did not object to the report and recommendation by the extended response date. A party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Accordingly, the report and recommendation will be adopted.

The Court would note that the Magistrate Judge recommended granting Petitioner's motion

based on the fact that his attorney did not object to imposition of a sentence in accordance with the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(1) or file an appeal based on the Court's application of the Guideline. Specifically, Magistrate Judge Binder questioned whether two of Petitioner's three prior felony convictions qualified as "crime[s] of violence or controlled substance offense[s]." U.S.S.G. § 2K2.1(a)(1). Magistrate Judge Binder concluded that effective representation of the Petitioner required an objection to the Court's conclusion that breaking and entering with intent to commit larceny, Mich. Comp. Laws § 750.110, is a crime of violence.

Granting Petitioner's motion to vacate his sentence does not resolve the question of whether breaking and entering with intent to commit larceny is a crime of violence. Rather, it gives the Petitioner a second opportunity to object to application of the guideline and to brief the issue. The Court would note, however, that at least one Court considered the issue prior to Petitioner's sentencing hearing, and determined breaking an entering with intent to commit larceny was not a crime of violence for the purposes of determining career offender status pursuant to U.S.S.G. § 4B1.1. *United States v. Dailey*, No. 06-CR-20346, 2007 WL 614197 (E.D. Mich. Feb. 23, 2007).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 28] is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate his sentence [Dkt. # 17 & 26] is **GRANTED IN PART**.

It is further **ORDERED** that the matter is referred to United States Magistrate Judge Charles E. Binder for the purpose of appointment of counsel pursuant to 28 U.S.C. § 2255(g), 18 U.S.C. §

3006A, and 28 U.S.C. § 636(b)(3).[1]

It is further **ORDERED** that Petitioner's resentencing is scheduled for **April 7, 2010 at 2:30 p.m.** before the Honorable Thomas L. Ludington in Bay City, Michigan. The government is **DIRECTED** to submit a brief detailing its position on the appropriate advisory guideline range on or before **March 5, 2010** the Petitioner is directed to respond on or before **March 19, 2010**.

It is further **ORDERED** that the clerk is **DIRECTED** to serve a copy of the Magistrate Judge's report and recommendation [Dkt. # 28] on Petitioner along with this order in accordance with the notice filed by Petitioner on January 6, 2010 [Dkt. # 33].

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 7, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[1] Magistrate judges would typically handle appointment of counsel as a "pretrial matter" pursuant to 28 U.S.C. § 636(b)(1)(A). This is not a "pretrial matter." *See Callier v. Gray*, 167 F.3d 977, 982 n.9 (6th Cir. 1999). It is, however, an administrative duty sufficiently similar to pretrial appointment of counsel such that reference is proper under § 636(b)(3). *Id.* at 982–83.